**In the Matter of BETHLEHEM CENTRAL SCHOOL DISTRICT, Petitioner,**

v.

**John DOE and Mary Roe, same names being fictitious but referring to the parents of a student with disabilities in attendance in said district, Respondents.**

No. 97–CV–0086.

United States District Court, N.D. New York.

Feb. 11, 1997.

Kaplowitz, Murphy, Runion, Fritts and Whiting, (Roger M. Fritts, of counsel), Delmar, for Petitioner.

Albany Law School, Disabilities Law Clinic (Joseph M. Connors, Nancy M. Maurer, Julie Oehlbeck, Seth D. Cohen, of counsel), Albany, for Respondents.

## MEMORANDUM AND ORDER

KAHN, District Judge.

This memorandum is filed for the purpose of clarifying the Court's oral ruling of February 11, 1997 when the Court dismissed the petition without prejudice due to the lack of a justiciable controversy.

The parties' familiarity with the facts are presumed and will not be reiterated herein except as necessary. Petitioner Bethlehem Central School District ("District") seeks a temporary and permanent stay of the provisions of 20 U.S.C. § 1415(e)(3)(a) with respect to Kevin Doe, a disabled seventh grade student, currently enrolled in the District.

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., was enacted

> ... to assure that all children with disabilities have available to them, within the time periods specified in section 1412(2)(b) of this title, a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of children with disabilities and their parents and guardians are protected, to assist States and localities to provide for the education of all children with disabilities, and to assess and assure the effectiveness of efforts to educate children with disabilities.

20 U.S.C. § 1400(c). To meet these goals, "the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Honig v. Doe,* 484 U.S. 305, 311–12, 108 S.Ct. 592, 598, 98 L.Ed.2d 686 (1988). One of these procedural safeguards is known as the "stay put" provision. *Id.* at 312, 108 S.Ct. at 598. This provision entitles a child with disabilities to remain in his current educational program pending any administrative proceedings brought to challenge a school district's change to the child's educational program. *Id.;* 20 U.S.C. § 1415(e)(3)(a). The statutory provision at issue provides that

Except as provided in subparagraph (B), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency of the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public program until such proceedings have been completed.

20 U.S.C. § 1415(e)(3)(a). As the Supreme Court has noted, the language of 20 U.S.C. § 1415(e)(3) is "unequivocal." *Honig,* 484 U.S. at 323, 108 S.Ct. at 604. "It states plainly that during the pendency of any proceedings initiated under the Act, unless the state or local educational agency and the parents or guardian of a disabled child otherwise agree, 'the child shall remain in the then current educational placement.'" *Id.* (quoting 20 U.S.C. § 1415(e)(3)).

The petitioner seeks to invoke the equitable powers of this Court to stay the "automatic injunction" provisions of 20 U.S.C. § 1415(e)(3). *Id.* at 326, 108 S.Ct. at 605–06. Respondents contend that this matter is not ripe for adjudication because there has been no determination by the District's Committee on Special Education (CSE) to change Kevin Doe's Individualized Educational Program (IEP). Correspondingly, there has been no administrative challenge to a CSE determination and, respondents argue, the stay put provisions of the IDEA have not become operative.

*Honig* clearly establishes that the District under the appropriate circumstances can seek a preliminary injunction to "temporarily enjoin a dangerous child from attending school" but that is not the relief sought here. 484 U.S. at 326, 108 S.Ct. at 605–06. The petition only seeks a stay of the "stay put" provisions of 20 U.S.C. 1415(e)(3). Thus, the issues presented by the petition cannot be ripe for adjudication until the "stay put" provisions of the IDEA are actually opera-

tive. By the express language of the statute, there is no "automatic injunction" until the CSE has proposed or initiated a change of Kevin Doe's IEP followed by a complaint presented by his parents regarding the proposed change of IEP. *Honig,* 484 U.S. at 326, 108 S.Ct. at 605–06, 20, U.S.C. §§ 1415(b) & (e)(3)(A).[1] In other words, we do not yet have "any proceedings initiated under the Act," *Honig,* 484 U.S. at 323, 108 S.Ct. at 604, and there are no stay put provisions in effect for this Court to stay. Moreover, awaiting further action by the CSE cannot presently be said to be a futile gesture since the parties might well agree that the CSE's determination is suitable for all concerned.

Accordingly, this controversy is not justiciable and it is hereby

ORDERED that the petition is DISMISSED without prejudice; and it is further

ORDERED that the clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

---

1. Although there may have been a de facto change of Kevin Doe's educational program due to his recent separation from his classmates, the question of whether that action by the District comports with the IDEA is not presently before the Court. In any event, this action does not invoke the stay put provisions of the IDEA absent some challenge to that action by Kevin Doe's parents. 20 U.S.C. § 1415(e)(3)(A).